IN THE DISTRICT COURT OF DOUGLAS COUNTY,

VICKIE DOUGLAS,                          )        CASE #CI 13-9 72U
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )        COMPLAINT
                                         )          (Law)
FIRST DATA RESOURCES, LLC,               )
                                         )
          Defendant.                     )

#22
FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

NOV 2 7 2013

JOHN M. FRIEND
CLERK DISTRICT COURT

ASSIGNED TO _____

COMES NOW the Plaintiff and for her cause of action against the Defendant states and

alleges as follows:

1.      Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1343(3) and (4), 42

U.S.C. §2000(e) et seq. and §48-1102 et.seq., Nebraska Revised Statutes, as amended. This

action is authorized pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C.

§2000(e) et seq.), 42 U.S.C. §1981 as amended, and the Nebraska Fair Employment Practices

Act (§48-1101 et seq., Nebraska Revised Statutes, as amended) and the common law and public

policies of the State of Nebraska, and is brought to remedy racial discrimination by the

Defendant in allowing and failing to remedy racial discrimination in its treatment of the Plaintiff,

and unlawful retaliation against the Plaintiff for having complained and objected to racial

discrimination, sought Worker's Compensation benefits, and reported and/or objected to

unlawful wage and hour practices of the Defendant, objected to the proposed unlawful firing of

an employee who had applied for Worker's Compensation benefits, and otherwise objecting to

racial discrimination with respect to the treatment of other employees and herself, and otherwise

engaging in protected activity.

1



A
EXHIBIT

2.      Plaintiff, Vickie Douglas is an African-American female and a resident of Omaha, Douglas County, Nebraska. Her employment and circumstances complained of herein occurred in Omaha, Douglas County, Nebraska. Said Plaintiff is an "employee" within the meaning of 42 U.S.C. §2000(e), and §48-1102, Nebraska Revised Statutes, as amended, inasmuch as she was employed by First Data Resources, LLC (hereinafter "First Data") which is an employer having more than one hundred (100) employees in Omaha, Nebraska.

3.      Defendant First Data is a Delaware corporation, qualified to do business in Nebraska, and doing business in Omaha, Nebraska and said Defendant is an "employer" within the meaning of 42 U.S.C. §2000(e), and §48-1102 Nebraska Revised Statutes, as amended inasmuch as it employs more than one hundred (100) employees in Omaha, Nebraska. All of the acts complained of herein occurred in Omaha, Douglas County, Nebraska.

4.      Plaintiff commenced employment with Defendant on or about February 26, 1996 and held various positions most recently an Human Resources Manager/Employee Relations Representative. Plaintiff consistently received more than satisfactory performance ratings for her job performance. In late 2011, Plaintiff's job duties included investigating complaints of discrimination or other violations of the law including wage and hour violations. In late 2011, Plaintiff was assigned to investigate a racial discrimination complaint by a Team Manager and upon completion of the investigation she prepared a report concluding that the complaint was substantiated. Upon presenting her report to the appropriate management person, Plaintiff was told to rewrite the findings due to the fact that both she and the complainant were African-American. In August 2012, Plaintiff raised concerns with the same management person about wage and hour violations which had been brought to her by employees. In September 2012,

2

Plaintiff was instructed by management to terminated a dock worker because he filed a Worker's Compensation claim. Plaintiff objected to said instruction on the basis that to terminate said employee was unlawful retaliation for having filed a Worker's Compensation claim. Furthermore, in October 2012, Plaintiff received another wage and hour law violations complaint involving the same employees as the prior complaint in August 2012, and Plaintiff informed the same management person with respect to said complaint.

5.      After applying for and seeking Worker's Compensation benefits and investigating complaints of discrimination and other violations including wage and hour violations in late 2011, Plaintiff was given a written warning on March 16, 2012 which was not justified by any facts and was pretextual and based on facts that were not true. Furthermore, after engaging in other protected activities as set forth in paragraph 4 above, Defendant by and through its management employees, took further disciplinary action against Plaintiff by terminating her employment on or about October 23, 2012. The reasons stated for termination given by Defendant were and are pretextual and not true. Said actions were taken based on Plaintiff's race and/or retaliation for having engaged in protected activities, including filing for Worker's Compensation and objecting to or dealing with and reporting wage and hour law violations and discrimination.

6.      On or about December 13, 2012, Plaintiff filed a charge of unlawful employment discrimination and unlawful retaliation with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC.) On or about August 28, 2013, the NEOC issued a determination and notice of the deadline for filing in state district court was ninety (90) days after receipt of said notice. Said determination and notice was received by

3

Plaintiff on or after August 30, 2013. On or about October 24, 2013, the EEOC issued a Notice of Right to Sue, which Notice of Right to Sue was received by Plaintiff on or about October 28, 2013.

7.    As a result of the unlawful discriminatory actions and the unlawful retaliatory actions complained of herein, Plaintiff has suffered substantial loss of wages, fringe benefits and other pecuniary losses including reduction in her Social Security benefits, and she has further suffered substantial emotional distress and mental anguish and has incurred medical expenses and other expenses in seeking alternative employment, and said discriminatory actions and retaliatory actions were taken by the Defendant with malice and a reckless disregard of Plaintiff's right to be free from unlawful discrimination and unlawful retaliation. Plaintiff's damages with respect to wages, emotional distress and mental anguish, and lost fringe benefits and other pecuniary losses, are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

WHEREFORE, Plaintiff prays as set forth below:

## I. FIRST CAUSE OF ACTION

8.    Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

9.    The treatment complained of above violates 42 U.S.C. §2000(e), inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

4

## II. SECOND CAUSE OF ACTION

10.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

11.     The treatment complained of above violates 42 U.S.C. §2000e-3, inasmuch as it is
unlawful retaliation against the Plaintiff for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## III. THIRD CAUSE OF ACTION

12.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

13.     The treatment complained of above violates 42 U.S.C. §1981, inasmuch as the
termination of Plaintiff's employment is discrimination against the Plaintiff on the basis of her
race and unlawful retaliation for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## IV. FOURTH CAUSE OF ACTION

14.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

15.     The treatment complained of above violates the Nebraska Fair Employment
Practice Act, §48-1101, et seq., Neb. R.R.S., as amended, inasmuch as the conditions to which
Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

5

## V. FIFTH CAUSE OF ACTION

16.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

17.     The treatment complained of above violates the Nebraska Fair Employment
Practice Act, §48-1114, Neb. R.R.S., as amended, inasmuch as the treatment of Plaintiff
constitutes unlawful retaliation against the Plaintiff for having engaged in protected activity.

## VI. SIXTH CAUSE OF ACTION

18.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

19.     The treatment complained of above violates the common law of the State of
Nebraska and public policy in the State of Nebraska, inasmuch as the treatment of Plaintiff
constitutes unlawful retaliation against Plaintiff for having complained of the protected activity
of seeking Worker's Compensation benefits and objecting to retaliating against an employee who
had filed for Worker's Compensation.

WHEREFORE, Plaintiff prays as set forth below:

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendant:

A. Entry of a judgment that Defendant violated the rights of the Plaintiff under Title VII
of the Civil Rights Act of 1991, as amended in 1991, 42 U.S.C. §1981, and pursuant to the
Nebraska Fair Employment Practices Act, §48-1114 Neb. R.R.S., as amended;

6

B. An award of damages for any economic losses incurred by Plaintiff including, but not limited to wages lost, fringe benefits and other benefits lost, and other expenses, all of which are continuing to accrue and occur and will into the future, as a result of Defendant's actions;

C. An award to Plaintiff of damages for emotional distress and mental anguish;

D. An award to Plaintiff of punitive damages on Plaintiff's First, Second, and Third Causes of Action.

E. An award to Plaintiff of the cost of this suit and reasonable attorney's fees and expenses as allowed by 42 U.S.C. §2002, 42 U.S.C. §1988, and §48-1101 et seq.;

F. Such other and further relief as the Court may deem just and proper.

Plaintiff designates Omaha, Nebraska as place of trial.

Plaintiff requests and makes a demand for a jury trial.

DATED this 27th day of November, 2013.

Vickie Douglas, Plaintiff

By: _____

Robert V. Broom, #10444
BROOM, CLARKSON , LANPHIER
& YAMAMOTO
1722 St. Mary's Avenue
310 Flatiron Building
Omaha, NE 68102
(402) 346-8323
Attorney for Plaintiff

7

000935418D01

'F DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| VICKIE ADAMS f/k/a Vickie Douglas, | ) | CASE #CI 13- 9726 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED COMPLAINT |
| | ) | (Law) |
| FIRST DATA RESOURCES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**#22   FILED**
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

DEC - 5 2013

JOHN M. FRIEND
CLERK DISTRICT COURT

COMES NOW the Plaintiff Vickie Adams f/k/a/ Vickie Douglas and for her causes of

action against the Defendant states and alleges as follows:

1.       Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1343(3) and (4), 42

U.S.C. §2000(e) et seq. and §48-1102 et.seq., Nebraska Revised Statutes, as amended and the

statutory jurisdiction of the District Court.  This action is authorized pursuant to Title VII of the

Civil Rights Act of 1964 as amended (42 U.S.C. §2000(e) et seq.), 42 U.S.C. §1981 as amended,

and the Nebraska Fair Employment Practices Act (§48-1101 et seq., Nebraska Revised Statutes,

as amended) and the common law and public policies of the State of Nebraska, and is brought to

remedy racial discrimination by the Defendant in allowing and failing to remedy racial

discrimination in its treatment of the Plaintiff, and unlawful retaliation against the Plaintiff for

having complained and objected to racial discrimination, sought Worker's Compensation

benefits, and reported and/or objected to unlawful wage and hour practices of the Defendant,

objected to the proposed unlawful firing of an employee who had applied for Worker's

Compensation benefits, and otherwise objecting to racial discrimination with respect to the

treatment of other employees and herself, and otherwise engaging in protected activity.

1

2.      Plaintiff, Vickie Adams f/k/a/a Vickie Douglas is an African-American female and a resident of Omaha, Douglas County, Nebraska. Her employment and circumstances complained of herein occurred in Omaha, Douglas County, Nebraska. Said Plaintiff is an "employee" within the meaning of 42 U.S.C. §2000(e), and §48-1102, Nebraska Revised Statutes, as amended, inasmuch as she was employed by First Data Resources, LLC (hereinafter "First Data") which is an employer having more than one hundred (100) employees in Omaha, Nebraska.

3.      Defendant First Data is a Delaware corporation, qualified to do business in Nebraska, and doing business in Omaha, Nebraska and said Defendant is an "employer" within the meaning of 42 U.S.C. §2000(e), and §48-1102 Nebraska Revised Statutes, as amended inasmuch as it employs more than one hundred (100) employees in Omaha, Nebraska. All of the acts complained of herein occurred in Omaha, Douglas County, Nebraska.

4.      Plaintiff commenced employment with Defendant on or about February 26, 1996 and held various positions most recently an Human Resources Manager/Employee Relations Representative. Plaintiff consistently received more than satisfactory performance ratings for her job performance. In late 2011, Plaintiff's job duties included investigating complaints of discrimination or other violations of the law including wage and hour violations. In late 2011, Plaintiff was assigned to investigate a racial discrimination complaint by a Team Manager and upon completion of the investigation she prepared a report concluding that the complaint was substantiated. Upon presenting her report to the appropriate management person, Plaintiff was told to rewrite the findings due to the fact that both she and the complainant were African-American. In August 2012, Plaintiff raised concerns with the same management person about

2

wage and hour violations which had been brought to her by employees. In September 2012, Plaintiff was instructed by management to terminated a dock worker because he filed a Worker's Compensation claim. Plaintiff objected to said instruction on the basis that to terminate said employee was unlawful retaliation for having filed a Worker's Compensation claim. Furthermore, in October 2012, Plaintiff received another wage and hour law violations complaint involving the same employees as the prior complaint in August 2012, and Plaintiff informed the same management person with respect to said complaint.

5.     After applying for and seeking Worker's Compensation benefits and investigating complaints of discrimination and other violations including wage and hour violations in late 2011, Plaintiff was given a written warning on March 8, 2012 which was not justified by any facts and was pretextual and based on facts that were not true. Furthermore, after engaging in other protected activities as set forth in paragraph 4 above, Defendant by and through its management employees, took further disciplinary action against Plaintiff by terminating her employment on or about October 23, 2012. The reasons stated for termination given by Defendant were and are pretextual and not true. Said actions were taken based on Plaintiff's race and/or retaliation for having engaged in protected activities, including filing for Worker's Compensation and objecting to or dealing with and reporting wage and hour law violations and discrimination.

6.     On or about December 13, 2012, Plaintiff filed a charge of unlawful employment discrimination and unlawful retaliation with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC.) On or about August 28, 2013, the NEOC issued a determination and notice of the deadline for filing in state district court

3

was ninety (90) days after receipt of said notice. Said determination and notice was received by Plaintiff on or after August 30, 2013. On or about October 24, 2013, the EEOC issued a Notice of Right to Sue, which Notice of Right to Sue was received by Plaintiff on or about October 28, 2013.

7.     As a result of the unlawful discriminatory actions and the unlawful retaliatory actions complained of herein, Plaintiff has suffered substantial loss of wages, fringe benefits and other pecuniary losses including reduction in her Social Security benefits, and she has further suffered substantial emotional distress and mental anguish and has incurred medical expenses and other expenses in seeking alternative employment, and said discriminatory actions and retaliatory actions were taken by the Defendant with malice and a reckless disregard of Plaintiff's right to be free from unlawful discrimination and unlawful retaliation. Plaintiff's damages with respect to wages, emotional distress and mental anguish, and lost fringe benefits and other pecuniary losses, are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

WHEREFORE, Plaintiff prays as set forth below:

## I. FIRST CAUSE OF ACTION

8.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

9.     The treatment complained of above violates 42 U.S.C. §2000(e), inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

4

## II. SECOND CAUSE OF ACTION

10.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

11.     The treatment complained of above violates 42 U.S.C. §2000e-3, inasmuch as it is unlawful retaliation against the Plaintiff for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## III. THIRD CAUSE OF ACTION

12.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

13.     The treatment complained of above violates 42 U.S.C. §1981, inasmuch as the termination of Plaintiff's employment is discrimination against the Plaintiff on the basis of her race and unlawful retaliation for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## IV. FOURTH CAUSE OF ACTION

14.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

15.     The treatment complained of above violates the Nebraska Fair Employment Practice Act, §48-1101, et seq., Neb. R.R.S., as amended, inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

5

## V. FIFTH CAUSE OF ACTION

16.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

17.     The treatment complained of above violates the Nebraska Fair Employment
Practice Act, §48-1114, Neb. R.R.S., as amended, inasmuch as the treatment of Plaintiff
constitutes unlawful retaliation against the Plaintiff for having engaged in protected activity.

## VI. SIXTH CAUSE OF ACTION

18.     Plaintiff refers to and incorporates by reference each and every allegation of
Paragraphs 1 through 7 above as though fully set forth herein.

19.     The treatment complained of above violates the common law of the State of
Nebraska and public policy in the State of Nebraska, inasmuch as the treatment of Plaintiff
constitutes unlawful retaliation against Plaintiff for having engaged in the protected activity of
seeking Worker's Compensation benefits and objecting to retaliating against an employee who
had filed for Worker's Compensation.

WHEREFORE, Plaintiff prays as set forth below:

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendant:

A. Entry of a judgment that Defendant violated the rights of the Plaintiff under Title VII
of the Civil Rights Act of 1991, as amended in 1991, 42 U.S.C. §1981, and pursuant to the
Nebraska Fair Employment Practices Act, §48-1114 Neb. R.R.S., as amended and pursuant to
the common law and public policy of the State of Nebraska;

6

B. An award of damages on each cause of action for any economic losses incurred by Plaintiff including, but not limited to wages lost, fringe benefits and other benefits lost, and other expenses, all of which are continuing to accrue and occur and will into the future, as a result of Defendant's actions;

C. An award to Plaintiff of damages on each cause of action for emotional distress and mental anguish;

D. An award to Plaintiff of punitive damages on Plaintiff's First, Second, and Third Causes of Action.

E. An award to Plaintiff of the cost of this suit and reasonable attorney's fees and expenses as allowed by 42 U.S.C. §2002, 42 U.S.C. §1988, and §48-1101 et seq.;

F. Such other and further relief as the Court may deem just and proper.

Plaintiff designates Omaha, Nebraska as place of trial.

Plaintiff requests and makes a demand for a jury trial.

DATED this _5^Th_ day of December, 2013.

Vickie Adams f/k/a/ Vickie Douglas, Plaintiff

By:

Robert V. Broom, #10444
BROOM, CLARKSON , LANPHIER
& YAMAMOTO
1722 St. Mary's Avenue
310 Flatiron Building
Omaha, NE 68102
(402) 346-8323
Attorney for Plaintiff

7

000935419D01                    CT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| VICKIE ADAMS f/d/a Vickie Douglas, | ) | CASE #CI 13- 9726 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PRAECIPE |
| | ) | |
| FIRST DATA RESOURCES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

#22  FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

DEC - 5 2013

JOHN M. FRIEND
CLERK DISTRICT COURT

Please issue Summons to be served on the Registered Agent for Defendant, First Data

Resources, LLC, by Certified Mail, Return Receipt Requested, at the following address:

CSC-LAWYERS INCORPORATING
 SERVICE COMPANY
SUITE 1900
233 S. 13TH ST.
LINCOLN NE 68508

DATED this 5 day of December, 2013.

VICKIE ADAMS f/k/a/ Vickie Douglas, Plaintiff

By:

Robert V. Broom - #10444
BROOM, CLARKSON, LANPHIER
 & YAMAMOTO
310 Flatiron Building
1722 St. Mary's Avenue
Omaha, Nebraska 68102-2534
(402) 346-8323
Attorney for Plaintiff

emailed 12/5
ISSUED
mm

Image ID
D00231929D01

**SUMMARS**

Doc No    231929

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Vickie Douglas v  First Data Resources LLC

Case ID  CI 13    9726

TO   First Data Resources LLC

**FILED BY**

Clerk of the Douglas District Court
12/05/2013

You have been sued by the following plaintiff s}

    Vickie Douglas

Plaintiff s Attorney    Robert V Broom
Address                 1722 St  Mary s Avenue, #310
                        Omaha, NE 68102-2534

Telephone               402} 346-8323

A copy of the complaint/petition is attached  To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition  If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition

Date   DECEMBER  5, 2013    BY THE COURT    John M. Friend

                                            Clerk

PLAINTIFF S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON

        First Data Resources LLC
        CSC Lawyers Incorp  Ser Co
        233 S  13th Street Suite 1900
        Lincoln, NE 68508

Method of service   Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI130009726
Transaction ID: 0000975881
Filing Date: 12/11/2013 10:55:09 AM CST

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha          NE 68183

To:
Case ID: CI 13    9726 Douglas v. First Data Resources LLC

Received this Summons on _____. I hereby certify that on

...served copies of the Summons

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Paige Winkle_   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>_Paige Winkle_   12-10-13<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>CSC-LAWYERS INC SVC Co<br>233 S. 13th St, #1900<br>Lincoln NE 68508 | |
| | 3. Service Type<br>☑ Certified Mail®   ☐ Priority Mail Express™<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ Collect on Delivery |
| 2. Article Number<br>(Transfer from service label)   7012 3460 0003 2025 9532 | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |

PS Form 3811, July 2013       Domestic Return Receipt

...person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: FIRST DATA RESOURCES, LLC

At the following address: CSC-Lawyers Incorporating Service Company, Suite

1900, 233 S. 13th St., Lincoln NE 68508

on the __9th__ day of __December, 2013__, as required by Nebraska state law.

_Robert V Broom_
Robert V. Broom

Postage $ __10.70__    Attorney for: __Plaintiff__

The return receipt for mailing to the party was signed on __12/10__, __2013__.

To: First Data Resources LLC          From: Robert V Broom
CSC Lawyers Incorp. Ser Co.           1722 St. Mary's Avenue, #310
233 S. 13th Street Suite 1900         Omaha, NE 68102-2534
Lincoln, NE 68508

## ATTACH RETURN RECEIPT & RETURN TO COURT



## IN THE DISTRICT COURT OF DOUGLAS COUNTY,

| | |
|---|---|
| VICKIE ADAMS f/d/a Vickie Douglas, ) | CASE #CI 13- 9726 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JOINT STIPULATION FOR ORDER |
| ) | GRANTING LEAVE TO PLAINTIFF TO FILE |
| FIRST DATA RESOURCES, LLC, ) | A SECOND AMENDED COMPLAINT |
| ) | |
| Defendant. ) | |

COME NOW the parties, by and through counsel, and stipulate and agree to the entry of

an Order granting Plaintiff leave to file a Second Amended Complaint on or before January 6,

2014 for the reason there is a need to ensure the proper designation of the Defendant.

DATED this 2nd day of January, 2014.

VICKIE ADAMS, Plaintiff

BY: _____

Robert V. Broom - #10444
BROOM, CLARKSON, LANPHIER
& YAMAMOTO
1722 St. Mary's Avenue
310 Flatiron Building
Omaha NE 68102
(402) 346-8323
Attorney for Plaintiff

FIRST DATA RESOURCES, LLC, Defendant

BY: _____

A. Stevenson Bogue
MCGRATH, NORTH, MULLIN
& KRATZ PC LLO
First National Tower, #3700
1601 Dodge St.
Omaha NE 68102
(402) 341-3070
Attorney for Defendant



FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
#35
JAN 06 2014
JOHN M. FRIEND
CLERK DISTRICT COURT



#35    FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

JAN 06 2014

JOHN M. FRIEND
CLERK DISTRICT COURT



J00173807D01

IN THE DISTRICT COURT OF DOUGLAS COUNT'.

| | | |
|---|---|---|
| VICKIE ADAMS f/d/a Vickie Douglas, | ) | CASE #CI 13- 9726 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PLAINTIFF TO FILE |
| FIRST DATA RESOURCES, LLC, | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Stipulation of the parties agreeing to the entry of an

order granting leave to Plaintiff to file a Second Amended Complaint on or before January 3,

2014 and the Court being fully advised in the premises find that said Stipulation should be

granted.

IT IS THEREFORE ORDERED that Plaintiff is granted leave to file a Second Amended

Complaint on or before January 6, 2014.

DATED this 6 day of January, 2014.

BY THE COURT:

James J. Allen
District Court Judge

#35  FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

JAN 06 2014

JOHN M. FRIEND
CLERK DISTRICT COURT

Prepared and submitted by:

Robert V. Broom - #10444
BROOM, CLARKSON, LANPHIER
& YAMAMOTO
1722 St. Mary's Avenue
310 Flatiron Building
Omaha NE 68102
(402) 346-8323
Attorney for Plaintiff

Approved by:

A. Stevenson Bogue
MCGRATH, NORTH, MULLIN
& KRATZ PC LLO
First National Tower, #3700
1601 Dodge St.
Omaha NE 68102
(402) 341-3070
Attorney for Defendant



Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI130009726
Transaction ID: 0001009453
Filing Date: 01/07/2014 09:02:22 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

VICKIE ADAMS f/k/a Vickie Douglas,        )        CASE #CI 13-9726
                                          )
                Plaintiff,                )
                                          )
vs.                                       )        SECOND AMENDED  COMPLAINT
                                          )                (Law)
FIRST DATA RESOURCES, LLC,  and           )
FIRST DATA CORPORATION,                   )
                                          )
                Defendants.               )


COMES NOW the Plaintiff Vickie Adams f/k/a Vickie Douglas and for her causes of

action against the Defendants states and alleges as follows:

1.        Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1343(3) and (4), 42

U.S.C. §2000(e) et seq. and §48-1102 et.seq., Nebraska Revised Statutes, as amended and the

statutory jurisdiction of the District Court.  This action is authorized pursuant to Title VII of the

Civil Rights Act of 1964 as amended (42 U.S.C. §2000(e) et seq.), 42 U.S.C. §1981 as amended,

and the Nebraska Fair Employment Practices Act (§48-1101 et seq., Nebraska Revised Statutes,

as amended) and the common law and public policies of the State of Nebraska, and is brought to

remedy racial discrimination by the Defendants in allowing and failing to remedy racial

discrimination in its treatment of the Plaintiff, and unlawful retaliation against the Plaintiff for

having complained and objected to racial discrimination, sought Worker's Compensation

benefits, and reported and/or objected to unlawful wage and hour practices of the Defendants,

objected to the proposed unlawful firing of an employee who had applied for Worker's

Compensation benefits, and otherwise objecting to racial discrimination with respect to the

treatment of other employees and herself, and otherwise engaging in protected activity.

1

2.       Plaintiff, Vickie Adams f/k/a Vickie Douglas is an African-American female and a resident of Omaha, Douglas County, Nebraska.  Her employment and circumstances complained of herein occurred in Omaha, Douglas County, Nebraska.  Said Plaintiff is an "employee" within the meaning of 42 U.S.C. §2000(e), and §48-1102, Nebraska Revised Statutes, as amended, inasmuch as she was employed by First Data Resources, LLC and First Data Corporation (hereinafter collectively "First Data" or "Defendants") and each is an employer having more than one hundred (100) employees in Omaha, Nebraska.

3.       Defendants  are each a Delaware corporation, qualified to do business in Nebraska, and doing business in Omaha, Nebraska and said Defendants are each an "employer" within the meaning of 42 U.S.C. §2000(e), and §48-1102 Nebraska Revised Statutes, as amended inasmuch as it employs more than one hundred (100) employees in Omaha, Nebraska.  Defendant, First Data Resources, LLC, is a wholly-owned company owned by First Data Corporation.  All of the acts complained of herein occurred in Omaha, Douglas County, Nebraska.

4.       Plaintiff commenced employment with Defendants on or about February 26, 1996 and held various positions, most recently an Human Resources Manager/Employee Relations Representative.  Plaintiff consistently received more than satisfactory performance ratings for her job performance.  In late 2011, Plaintiff's job duties included investigating complaints of discrimination or other violations of the law including wage and hour violations.  In late 2011, Plaintiff was assigned to investigate a racial discrimination complaint by a Team Manager and upon completion of the investigation she prepared a report concluding that the complaint was substantiated.  Upon presenting her report to the appropriate management person, Plaintiff  was

2

told to rewrite the findings due to the fact that both she and the complainant were African-American.  In August 2012, Plaintiff raised concerns with the same management person about wage and hour violations which had been brought to her by employees.  In September 2012, Plaintiff was instructed by management to terminate a dock worker because he filed a Worker's Compensation claim.  Plaintiff objected to said instruction on the basis that to terminate said employee was unlawful retaliation for having filed a Worker's Compensation claim.  Furthermore, in October 2012, Plaintiff received another wage and hour law violations complaint involving the same employees as the prior complaint in August 2012, and Plaintiff informed the same management person with respect to said complaint.

5.      After applying for and seeking Worker's Compensation benefits and investigating complaints of discrimination and other violations including wage and hour violations in late 2011, Plaintiff was given a written warning on March 8, 2012 which was not justified by any facts and was pretextual and based on facts that were not true.  Furthermore, after engaging in other protected activities as set forth in paragraph 4 above, First Data, by and through its management employees, took further disciplinary action against Plaintiff by terminating her employment on or about October 23, 2012.  The reasons stated for termination given by Defendants were and are pretextual and not true.  Said actions were taken based on Plaintiff's race and/or retaliation for having engaged in protected activities, including filing for Worker's Compensation and objecting to or dealing with and reporting wage and hour law violations and discrimination.

6.      On or about December 13, 2012, Plaintiff filed a charge of unlawful employment discrimination and unlawful retaliation with the Nebraska Equal Opportunity Commission

3

(NEOC) and the Equal Employment Opportunity Commission (EEOC.)  On or about August 28, 2013, the NEOC issued a determination and notice of the deadline for filing in state district court was ninety (90) days after receipt of said notice.  Said determination and notice was received by Plaintiff on or after August 30, 2013.  On or about October 24, 2013, the EEOC issued a Notice of Right to Sue, which Notice of Right to Sue was received by Plaintiff on or about October 28, 2013.

7.     As a result of the unlawful discriminatory actions and the unlawful retaliatory actions complained of herein, Plaintiff has suffered substantial loss of wages, fringe benefits and other pecuniary losses including reduction in her Social Security benefits, and she has further suffered substantial emotional distress and mental anguish and has incurred medical expenses and other expenses in seeking alternative employment, and said discriminatory actions and retaliatory actions were taken by the Defendants with malice and a reckless disregard of Plaintiff's right to be free from unlawful discrimination and unlawful retaliation.  Plaintiff's damages with respect to wages, emotional distress and mental anguish, and lost fringe benefits and other pecuniary losses, are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

WHEREFORE, Plaintiff prays as set forth below:

## I.  FIRST CAUSE OF ACTION

8.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

4

9.      The treatment complained of above violates 42 U.S.C. §2000(e), inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

## II.  SECOND CAUSE OF ACTION

10.      Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

11.      The treatment complained of above violates 42 U.S.C. §2000e-3, inasmuch as it is unlawful retaliation against the Plaintiff for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## III.  THIRD CAUSE OF ACTION

12.      Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

13.      The treatment complained of above violates 42 U.S.C. §1981, inasmuch as the termination of Plaintiff's employment is discrimination against the Plaintiff on the basis of her race and unlawful retaliation for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## IV.  FOURTH CAUSE OF ACTION

14.      Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

15.     The treatment complained of above violates the Nebraska Fair Employment Practice Act, §48-1101, et seq., Neb. R.R.S., as amended, inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

### V.  FIFTH CAUSE OF ACTION

16.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

17.     The treatment complained of above violates the Nebraska Fair Employment Practice Act, §48-1114, Neb. R.R.S., as amended, inasmuch as the treatment of Plaintiff constitutes unlawful retaliation against the Plaintiff for having engaged in protected activity.

### VI.  SIXTH CAUSE OF ACTION

18.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

19.     The treatment complained of above violates the common law of the State of Nebraska and public policy in the State of Nebraska, inasmuch as the treatment of Plaintiff constitutes unlawful retaliation against Plaintiff for having engaged in the protected activity of seeking Worker's Compensation benefits and objecting to retaliating against an employee who had filed for Worker's Compensation.

WHEREFORE, Plaintiff prays as set forth below:

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendants:

A.  Entry of a judgment that Defendants violated the rights of the Plaintiff under Title VII of the Civil Rights Act of 1991, as amended in 1991, 42 U.S.C. §1981, and pursuant to the Nebraska Fair Employment Practices Act, §48-1114 Neb. R.R.S., as amended and pursuant to the common law and public policy of the State of Nebraska;

B.  An award of damages on each cause of action for any economic losses incurred by Plaintiff including, but not limited to wages lost, fringe benefits and other benefits lost, and other expenses, all of which are continuing to accrue and occur and will into the future, as a result of Defendants' actions;

C.  An award to Plaintiff of damages on each cause of action for emotional distress and mental anguish;

D.  An award to Plaintiff of punitive damages on Plaintiff's First, Second, and Third Causes of Action.

E.  An award to Plaintiff of the cost of this suit and reasonable attorney's fees and expenses as allowed by 42 U.S.C. §2002, 42 U.S.C. §1988, and §48-1101 et seq.;

F.  Such other and further relief as the Court may deem just and proper.

Plaintiff designates Omaha, Nebraska as place of trial.

Plaintiff requests and makes a demand for a jury trial.

DATED this 7th day of January, 2014.

Vickie Adams f/k/a Vickie Douglas, Plaintiff

By:    s/ Robert V. Broom_____
       Robert V. Broom, #10444
       BROOM, CLARKSON , LANPHIER
        & YAMAMOTO
       1722 St. Mary's Avenue
       310 Flatiron Building
       Omaha, NE 68102
       (402) 346-8323
       Attorney for Plaintiff

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served on January 7, 2014 upon:

A. Stevenson Bogue - #15509
McGRATH, NORTH, MULLIN
 & KRATZ, P.C.
Suite 3700 First National Tower
1601 Dodge St.
Omaha NE 68102
sbogue@mcgrathnorth.com


by:     [ x ]    U.S. Mail, postage prepaid
        [ x ]    Court's Electronic Filing System
        [   ]    E-mail
        [   ]    Facsimile Transmission
        [   ]    Hand Delivery
        [   ]    Overnight Courier
        [   ]    Certified Mail, Return Receipt Requested



                              s/ Robert V. Broom
                              Robert V. Broom

8

# Certificate of Service

I hereby certify that on Tuesday, January 07, 2014 I provided a true and correct copy of the Amended Complaint to the following:

First Data Resources LLC service method: First Class Mail

Signature: /s/ Robert Broom (Bar Number: 10444)