IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKIE ADAMS f/k/a Vickie Douglas, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST DATA RESOURCES, LLC, and ) <br> FIRST DATA CORPORATION, ) <br> ) <br> Defendants. | CASE NO.: 8:14-CV-5 <br><br> **DEFENDANTS' BRIEF <br> IN SUPPORT OF PARTIAL <br> MOTION TO DISMISS** |

First Data Resources, LLC, and First Data Corporation (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), have filed a Partial Motion to Dismiss certain claims from Plaintiff's Complaint. In support of their Motion, Defendants submit the following brief.

**INTRODUCTION**

Plaintiff, Vickie Adams f/k/a Vickie Douglas, alleges in her Second Amended Complaint (hereinafter referred to as "Complaint"), in part, that she received a written warning and was terminated because of her race and in retaliation for alleged protected activities.[1] Plaintiff's Complaint, however, fails to state a claim upon which relief can be granted with respect to those claims because Plaintiff's allegations fail to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (a dismissal must be granted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its fact.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). First, because Plaintiff was required to investigate "complaints of discrimination or other

---

[1]/ Defendants' Partial Motion to Dismiss addresses only Plaintiff's first, second, third, and fourth causes of action. Plaintiff also alleges unlawful retaliation pursuant to Neb. Rev. Stat. § 48-1114 and the common law and public policy of the State of Nebraska in her fifth and sixth causes of action, which are not subject to or addressed in this motion.

violations of the law including wage and hour violations," (Doc. No. 1-1 Second Amended Complaint ¶ 4), as part of her position as a Human Resources Manager/Employee Relations Representative, she is required to show that she stepped outside of her job's normal role, and clearly establish that she was engaging in protected oppositional activities other than the normal work involved in her job. *McKenzie v. Renberg's Inc.*, 94 F.3d 1478 (10th Cir. 1996); *EEOC v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998). Plaintiff has failed to do so and thus has failed to plead any protected activities covered under Title VII or 42 U.S.C. § 1981. Second, Plaintiff fails to allege facts in her Complaint from which the Court can infer she was given a written warning or terminated due to her race. As a result, Defendants respectfully request this Court to dismiss Plaintiff's first, second, third, and fourth causes of action stated in Plaintiff's Complaint.

## BACKGROUND

According to Plaintiff's Complaint, Plaintiff began working for First Data on February 26, 1996, and held various positions. (Doc. No. 1-1 Second Amended Complaint ¶ 4). In her most recent position for First Data, Plaintiff worked as a Human Resources Manager/Employee Relations Representative. (*Id.*). Her job duties for this position included "investigating complaints of discrimination or other violations of the law including wage and hour violations." (*Id.*).

In her Complaint, Plaintiff alleges that she was given a written warning on March 8, 2012, and was terminated on October 23, 2012, based on her race and/or retaliation for engaging in protected activities. (*Id.* at ¶¶ 5, 9, 11, 13, 15). Plaintiff's Complaint alleges the following protected activities:

- In late 2011, Plaintiff was assigned to investigate a racial discrimination complaint. She found that the complaint was substantiated, which she outlined in a report. When she presented the report to the appropriate

2

    management person, she was told to rewrite the findings because she and the complainant were both African-American. (Second Amended Complaint ¶ 4).

- In August 2012, after employees had informed Plaintiff of concerns regarding wage and hour violations, Plaintiff raised these concerns with the same management person as above. (*Id.*).

- In October 2012, Plaintiff again informed the same management person as above about wage and hour violations, brought to her attention by the same employees as in August 2012. (*Id.*).[2]

Plaintiff filed a charge of unlawful employment discrimination and retaliation with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) on December 13, 2012. (*Id.* at ¶ 6). Plaintiff received the NEOC's determination and her notice of the deadline for filing in state district court on August 30, 2013. (*Id.*). She received her Notice of Right to Sue from the EEOC on October 28, 2013. (*Id.*). Plaintiff commenced this action before the District Court for Douglas County, Nebraska, on November 27, 2013, filed an Amended Complaint on December 5, 2013, and a Second Amended Complaint on January 7, 2014. (Doc. No. 1-1). Defendant First Data Resources, LLC, was

---

[2]/ Plaintiff also alleges that in late 2011 she sought workers' compensation benefits and in September 2012 she objected to an instruction to terminate a worker because he filed a workers' compensation claim. (Doc 1-1 Second Amended Complaint ¶¶ 4-5). These alleged protected activities are not subject to or addressed by Defendants' Motion to Dismiss, as these alleged activities are not protected by Title VII, 42 U.S.C. § 1981, or Neb. Rev. Stat. § 48-1101, which form the basis for Plaintiff's first, second, third, and fourth causes of action, which are subject to and addressed by this motion. *See* 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 459-60, 95 S. Ct. 1716, 1720 (1975) ("[Section] 1981 affords a federal remedy against discrimination in private employment on the basis of race."); Neb. Rev. Stat. § 48-1101 ("It is the public policy of this state to foster the employment of all employable persons in the state on the basis of merit regardless of their race, color, religion, sex, disability, or national origin").

Plaintiff's allegations regarding informing management about wage and hour violations also are not protected by Title VII, 42 U.S.C. § 1981, or Neb. Rev. Stat. § 48-1101, however, as discussed below, these allegations are not protected activities under any law as they were clearly part of Plaintiff's job duties as a Human Resources Manager/ Employee Relations Representative.

served on December 10, 2013, and removed the action to this Court on January 8, 2014. (Doc. Nos. 1, 1-1).

## STANDARD OF REVIEW

Because this action was removed to federal court, this Court should apply federal pleading rules. *See Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927 (8th Cir. 2012) (removed complaint was governed by current federal pleading standard) (citing Fed. R. Civ. P. 81(c)(1)). A complaint is subject to dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal <u>must</u> be granted if a complaint does not plead "enough facts to state a claim to relief that is <u>plausible on its face</u>." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)) (emphasis added).

To survive a motion to dismiss, Plaintiff need not establish a *prima facie* case of discrimination under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), however, her complaint must comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992 (2002). Although "detailed factual allegations" are not necessary at this stage, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint that offers only "'labels and conclusions'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. at 1950. On a motion to dismiss, the court must "accept the

4

factual allegations of the complaint as true, but the allegations must supply sufficient 'facts to state a claim to relief that is plausible on its face.'" *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).

## ARGUMENT

I.  **Plaintiff's Second and Third Causes of Action Should Be Dismissed Because Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted that She was Retaliated Against Under Federal Law for Having Engaged in Protected Activity.**

Plaintiff alleges that Defendants unlawfully retaliated against her for having engaged in protected activity in violation of Title VII and 42 U.S.C. § 1981.[3] Section 704(a) of Title VII makes it unlawful to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The Supreme Court has interpreted 42 U.S.C. § 1981(a) to provide a basis to assert claims against private employers for wrongful termination in retaliation for protected conduct. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 455-57, 128 S. Ct. 1951 (2008). In analyzing a claim under § 1981, a court applies the same standard used to evaluate a claim for retaliation that is used to evaluate a Title VII claim. *See, e.g., Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). *See also Wilson v. Legal Assistance of North Dakota*, 669 F.2d 562, 563-64 (8th Cir. 1982) ("The standards to be applied in evaluating a claim of racial discrimination in employment are the same as those applied in actions brought pursuant to Title VII of the civil Rights Act of 1964.").

---

[3]/ As indicated above, Plaintiff's allegation that Defendants unlawfully retaliated against her for having engaged in protected activity in violation of the Nebraska Fair Employment Practice Act, § 48-1114, for seeking workers' compensation benefits, and for objecting to retaliating against an employee who had filed for workers' compensation in violation of Nebraska common law and public policy are not addressed in this partial motion to dismiss.

5

Plaintiff's position as a Human Resources Manager/Employee Relations Representative required her to investigate "complaints of discrimination or other violations of the law including wage and hour violations." (Doc. No. 1-1 Second Amended Complaint ¶ 4). Because of the nature of Plaintiff's job, in order for her to show she engaged in protected oppositional activity under Title VII, she must show that she stepped outside of her job's normal role, and clearly establish that she was engaging in protected oppositional or participative activities other than the normal work involved in her job. *Correa v. Mana Products, Inc.*, 550 F. Supp. 2d 319, 330 (E.D.N.Y. 2008) ("In order for employees in human resources positions to claim retaliation they need to first clearly establish that they were engaged in protected activities other than the general work involved in their employment.") (citing *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486-87 (10th Cir. 1996)). *See also EEOC v. HBE Corp.*, 135 F.3d 543, 554 (8th Cir. 1998) (recognizing that a director of personnel must "step outside" his employment role in Title VII retaliation case). Indeed, "[a]n employee does not receive special protection under Title VII simply because the employee handles discrimination complaints or works on affirmative action matters." *Holden v. Owens-Illinois, Inc.*, 793 F.2d 745, 751 (6th Cir. 1986).

Plaintiff has failed to plead any protected activities covered under Title VII or 42 U.S.C. § 1981. Plaintiff's assignment to investigate a racial discrimination complaint was clearly part of her job duties as a Human Resources Manager/Employee Relations Representative. This is also true of her investigation and finding that the complaint was substantiated. Additionally, Plaintiff's allegation that she was told to rewrite her findings because she and the complainant were both African-American is not evidence of an oppositional activity. "[A] plaintiff who has not opposed any action of the employer or assisted an employee with the filing of a grievance

6

with an outside agency cannot retroactively use her position to assert protected activity." *Correa v. Mana Products, Inc.*, 550 F. Supp. 2d 319, 331 (E.D.N.Y. 2008).

Plaintiff's allegations relating to raising concerns with management regarding wage and hour violations brought to Plaintiff's attention by other employees are not activities protected by Title VII or 42 U.S.C. § 1981. *See* 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 459-60, 95 S. Ct. 1716, 1720 (1975) ("[Section] 1981 affords a federal remedy against discrimination in private employment on the basis of race."). *See also Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 616 (W.D. Tex. 2005) ("A retaliation claim under Title VII requires that a plaintiff engage in activity protected by Title VII."). Additionally, those allegations do not constitute protected acts under any law as reporting and investigating complaints of discrimination and other violations of the law including wage and hour violations were clearly part of Plaintiff's job duties.

For example, a plaintiff was found to have not engaged in protected activity where the plaintiff reported that security guards were not being paid for overtime work as required by the Fair Standards and Labor Act ("FLSA"), which uses the same test for retaliation as Title VII claims. *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 102 (1st Cir. 2004). In that case the court found that because the plaintiff made this report to his superiors as part of his job responsibilities, he had not engaged in a protected activity, which requires the employee to "step outside his or her role of representing the company and … file … an action adverse to the employer". *Id.* at 102 (quoting *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486 (10th Cir.

7

1996)) (alteration in original). *See also See McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1487 (10th Cir. 1996), cert. denied, 520 U.S. 1186 (1997) (personnel manager who reported FLSA-related problem to employer did not step outside of her job's role, and thus did not engage in protected activity).

Because Plaintiff's alleged protected activities were part of her job duties as a Human Resources Manager/Employee Relations Representative and she failed to step outside of her role as such, Plaintiff has failed to plead protected activities protected by Title VII and 42 U.S.C. § 1981. As a result, Plaintiff's second and third causes of action should be dismissed for failure to state a claim upon which relief can be granted.

**II.     Plaintiff's First, Third, and Fourth Causes of Action Should Be Dismissed Because Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted that She was Discriminated Against on the Basis of Her Race.**

Plaintiff's discrimination claims based on her race should be dismissed because Plaintiff merely asserts that Defendants terminated her employment and took other actions against her on the basis of race without providing any specific allegations that support an inference of discrimination on those bases.

Plaintiff fails to allege facts in her Complaint from which the Court can infer she was given a written warning or dismissed due to her race. The elements for a racial discrimination claim under Title VII, Section 1981, and the Nebraska Fair Employment Practice Act include that: (1) the plaintiff belongs to a protected class; (2) she was qualified to perform her job; (3) she suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently. *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009). *See also Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002) ("In construing the NFEPA, Nebraska courts have looked to federal decisions, because the

8

NFEPA is patterned after Title VII and the ADA.") (citing *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688, 693 (1999)). A plaintiff's factual allegations in her complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although Plaintiff does not need to make a *prima facie* case in her complaint, she must provide the Court with some basis to infer that she was fired due to her race. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002). "In order to pursue a cause of action under § 1981, plaintiff cannot merely invoke [her] race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that [her] race was the reason for defendant's actions." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990) (citations omitted).

Plaintiff alleges that she was given a written warning and terminated because of her race. The fatal problem with this allegation is that she failed to allege a key element—namely, that nonmembers of her protected class were treated more favorably. *See Harris v. Hays*, 452 F.3d 714, 718 (8th Cir. 2006) (finding the plaintiff's race discrimination claim failed because he failed to show that he was treated differently from similarly situated nonmembers of the protected class). The only factual allegation Plaintiff alleges in her Complaint referencing her race is that she was asked to rewrite a report "due to the fact that both she and the complainant were African-American." (Doc. 1-1 Second Amended Complaint ¶ 4). If anything, this one factual allegation Plaintiff makes about her race does little more than provide for the remote possibility that her race played a part in her written warning or termination. However, "[a] mere possibility of discriminatory conduct is not enough to survive a motion to dismiss." *Ginsburg v. Concordia Univ.*, No. 4:10CV3064, 2010 WL 3720186, at *3 (D. Neb. Sept. 14, 2010).

For example, in *Ginsburg v. Concordia University*, this Court held that the plaintiff failed to plead facts showing more than a possibility that his religion was the basis for his termination from a religious school. No. 4:10CV3064, 2010 WL 3720186 (D. Neb. Sept. 14, 2010). The plaintiff in the case, a Catholic, alleged that he was terminated because of his religion from his coaching position with Concordia University, a Lutheran school. *Id.* at *1. The plaintiff alleged that after he had made a "coaching decision and comment" to his assistant coach who immediately thereafter resigned, he was terminated and was replaced with a less qualified Lutheran. *Id.* at *1-2. The Court found that the plaintiff's complaint failed to allege any facts from which the Court could infer that he was dismissed due to his religion and therefore his claims must be dismissed under Rule 12(b)(6). *Id.* at *3. The same is true for Plaintiff in this case. She has failed to allege any facts from which the Court could infer that she was dismissed due to her race.

Additionally, Plaintiff's allegations lack the necessary causal nexus to establish a racial discrimination claim. Plaintiff fails to connect her allegation relating to being asked to rewrite a report in any way to her written warning or termination. As explained above, investigating complaints of discrimination was clearly part of Plaintiff's job duties as a Human Resources Manager/Employee Relations Representative. Being asked to rewrite a report is clearly part of the job in investigating complaints of discrimination. This is not evidence of discrimination. Although the Court, for purposes of this motion, must take all of the factual allegations of Plaintiff's Complaint as true, the Court is not bound to accept as true Plaintiff's legal conclusion couched as a factual allegation that she was requested to rewrite the report because both she and the complainant were African-American. *Iqbal*, 566 U.S. at 678, 129 S. Ct. 1937 ("Although for purposes of a motion to dismiss we must take all of the factual allegations in the complaint as

10

true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Moreover, Plaintiff was allegedly requested to rewrite the report over 3 months prior to her written warning and over 10 months prior to her termination. (Doc. 1-1 Second Amended Complaint ¶¶ 4-5). These intervals are too long to create any inference of a causal connection to her alleged adverse actions. *See Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1149 (8th Cir. 2008) (finding that a period of two months is too long to create a causal connection); *Tramel v. Simmons First Bank of Searcy*, 345 F.3d 611, 616 (8th Cir. 2003) (finding that a period of over two months is too long to create a causal connection). As a result, Plaintiff's claim of racial discrimination fails to rise above the speculative level and therefore her claim of racial discrimination claim should be dismissed.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court enter an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's first, second, third, and fourth causes of action alleging racial discrimination and retaliation, with prejudice.

Dated this 15th day of January 2014.

        FIRST DATA RESOURCES, LLC, and
        FIRST DATA CORPORATION,
        Defendants

           /s/ Ruth A. Horvatich
        A. Stevenson Bogue, #15509
        Ruth A. Horvatich, #24776
        McGrath North Mullin & Kratz, PC LLO
        First National Tower, Suite 3700
        1601 Dodge Street
        Omaha, NE  68102
        Phone: 402-341-3070
        Fax:  402-341-0216
        sbogue@mcgrathnorth.com
        rhorvatich@mcgrathnorth.com
        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that on the 15th day of January 2014, the above and foregoing **Defendant's Brief in Support of Partial Motion to Dismiss** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Robert V. Broom
BROOM, CLARKSON, LANPHIER,
  & YAMAMOTO
1722 St. Mary's Avenue
310 Flatiron Building
Omaha, NE  68102

                                         /s/ Ruth A. Horvatich
                                    Ruth A. Horvatich