IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICKIE ADAMS f/k/a Vickie Douglas, | ) | CASE NO. 8:14-CV-5 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | THIRD AMENDED  COMPLAINT |
| | ) | (Law) |
| FIRST DATA RESOURCES, LLC,  and | ) | |
| FIRST DATA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff Vickie Adams f/k/a Vickie Douglas and for her causes of

action against the Defendants states and alleges as follows:

1.      Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1343(3) and (4), 42

U.S.C. §2000(e) et. seq., 29 U.S.C. §201 et. seq. and §48-1102 et. seq., Nebraska Revised

Statutes, as amended and the statutory jurisdiction of the District Court.  This action is

authorized pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. §2000(e)

et. seq.), 42 U.S.C. §1981 as amended, the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. and

the Nebraska Fair Employment Practices Act (§48-1101 et. seq., Nebraska Revised Statutes, as

amended) and the common law and public policies of the State of Nebraska, and is brought to

remedy racial discrimination by the Defendants in allowing and failing to remedy racial

discrimination in its treatment of the Plaintiff, and unlawful retaliation against the Plaintiff for

having complained and objected to racial discrimination, sought Worker's Compensation

benefits, and reported and/or objected to unlawful wage and hour practices of the Defendants,

1

objected to the proposed unlawful firing of an employee who had applied for Worker's

Compensation benefits, and otherwise objecting to racial discrimination with respect to the

treatment of other employees and herself, and otherwise engaging in protected activity.

     2.    Plaintiff, Vickie Adams f/k/a Vickie Douglas is an African-American female and

a resident of Omaha, Douglas County, Nebraska.  Her employment and circumstances

complained of herein occurred in Omaha, Douglas County, Nebraska.  Said Plaintiff is an

"employee" within the meaning of 42 U.S.C. §2000(e), the Fair Labor Standards Act, 29 U.S.C.

§201 et. seq. and §48-1102, Nebraska Revised Statutes, as amended, inasmuch as she was

employed by First Data Resources, LLC and First Data Corporation (hereinafter collectively

"First Data" or "Defendants") and each is an employer having more than one hundred (100)

employees in Omaha, Nebraska.

     3.    Defendants  are each a Delaware corporation, qualified to do business in

Nebraska, and doing business in Omaha, Nebraska and said Defendants are each an "employer"

within the meaning of 42 U.S.C. §2000(e), the Fair Labor Standards Act, 29 U.S.C. §201 et. seq.

and §48-1102 Nebraska Revised Statutes, as amended inasmuch as it employs more than one

hundred (100) employees in Omaha, Nebraska.  Defendant, First Data Resources, LLC, is a

wholly-owned company owned by First Data Corporation.  All of the acts complained of herein

occurred in Omaha, Douglas County, Nebraska.

     4.    Plaintiff commenced employment with Defendants on or about February 26, 1996

and held various positions, most recently an Human Resources Manager/Employee Relations

Representative.  Plaintiff consistently received more than satisfactory performance ratings for her

job performance.  In late 2011, Plaintiff's job duties included investigating complaints of

2

discrimination or other violations of the law including wage and hour violations. In late 2011, Plaintiff was assigned to investigate a racial discrimination complaint by a Team Manager and upon completion of the investigation she prepared a report concluding that the complaint was substantiated. Upon presenting her report to the appropriate management person, i.e. her supervisor, Plaintiff was told to rewrite the findings due to the fact that both she and the complainant were African-American and the manager did not want to have the racial discrimination allegations to be substantiated by Plaintiff's report. Plaintiff objected to making any changes to the report, complained to other management employees about being instructed to change the report because of her race and did not make the changes until such time as she was ordered to do so and was given the new language to insert in the report. In August 2012, Plaintiff raised concerns with the same management person about wage and hour violations which had been brought to her by employees. In September 2012, Plaintiff was instructed by management to terminate a dock worker because he filed a Worker's Compensation claim. Plaintiff objected to said instruction on the basis that to terminate said employee was unlawful retaliation for having filed a Worker's Compensation claim. Furthermore, in October 2012, Plaintiff received another wage and hour law violations complaint involving the same employees as the prior complaint in August 2012, and Plaintiff informed the same management person with respect to said complaint and again objected to said management person's failure to do anything about the complaint and lodged her objection about no action being taken with another management persons, but no management person then took action notwithstanding Plaintiff's ongoing objection to the failure to respond to this wage-hour complaint.

3

5.     After applying for and seeking Worker's Compensation benefits and investigating

complaints of discrimination and other violations including wage and hour violations in late

2011, Plaintiff was given a written warning on March 8, 2012 which was not justified by any

facts and was pretextual and based on facts that were not true.  Furthermore, after engaging in

other protected activities as set forth in paragraph 4 above, First Data, by and through its

management employees, including Plaintiff's supervisor, took further disciplinary action against

Plaintiff by terminating her employment on or about October 23, 2012.  The reasons stated for

termination given by Defendants were and are pretextual and not true.  Said actions were taken

based on Plaintiff's race and/or retaliation for having engaged in protected activities, including

filing for Worker's Compensation and objecting to or dealing with and reporting wage and hour

law violations and discrimination.

6.     On or about December 13, 2012, Plaintiff filed a charge of unlawful employment

discrimination and unlawful retaliation with the Nebraska Equal Opportunity Commission

(NEOC) and the Equal Employment Opportunity Commission (EEOC.)  On or about August 28,

2013, the NEOC issued a determination and notice of the deadline for filing in state district court

was ninety (90) days after receipt of said notice.  Said determination and notice was received by

Plaintiff on or after August 30, 2013.  On or about October 24, 2013, the EEOC issued a Notice

of Right to Sue, which Notice of Right to Sue was received by Plaintiff on or about October 28,

2013.

7.     As a result of the unlawful discriminatory actions and the unlawful retaliatory

actions complained of herein, Plaintiff has suffered substantial loss of wages, fringe benefits and

other pecuniary losses including reduction in her Social Security benefits, and she has further

4

suffered substantial emotional distress and mental anguish and has incurred medical expenses and other expenses in seeking alternative employment, and said discriminatory actions and retaliatory actions were taken by the Defendants with malice and a reckless disregard of Plaintiff's right to be free from unlawful discrimination and unlawful retaliation.  Plaintiff's damages with respect to wages, emotional distress and mental anguish, and lost fringe benefits and other pecuniary losses, are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

WHEREFORE, Plaintiff prays as set forth below:

## I.  FIRST CAUSE OF ACTION

8.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

9.     The treatment complained of above violates 42 U.S.C. §2000(e) and 42 U.S.C. §1981, inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race because:

a.  Plaintiff was doing her job in a more than satisfactory manner;

b.  Other employees in Omaha who were Caucasian and had the same job title and responsibilities were not given as many cases to oversee nor as large a territory in terms of numbers of employees to oversee; those Caucasian employees were instructed by their manager (Caucasian) not to assist Plaintiff with her cases, but were not instructed they could not assist each other;

c.  Caucasian employees in the same position were not required to change their reports when they investigated a discrimination complaint by a Caucasian employee;

5

d.  Requiring Plaintiff to change her investigative conclusion because she was the same race as the complaining employee is direct evidence of racial animus/ discrimination;

WHEREFORE, Plaintiff prays as set forth below:

## II.  SECOND CAUSE OF ACTION

10.   Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 9 above as though fully set forth herein.

11.   The treatment complained of above violates 42 U.S.C. §2000e-3 and 42 U.S.C. §1981, inasmuch as it is unlawful retaliation against the Plaintiff for having engaged in protected activity by objecting to Defendant's trying to require her to change her finding of race discrimination and her objection to Defendant failing to act to remedy what she reasonably believed to be race discrimination.

WHEREFORE, Plaintiff prays as set forth below:

## III.  THIRD CAUSE OF ACTION

12.   Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 9 above as though fully set forth herein.

13.   The treatment complained of above violates 29 U.S.C. §215(a)(3), inasmuch as the termination of Plaintiff's employment is discrimination against the Plaintiff for having engaged in protected activity on the basis of her objecting to the failure of the Defendant to act to remedy what she reasonably believed to be violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiff prays as set forth below:

## IV.  FOURTH CAUSE OF ACTION

14.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 9 above as though fully set forth herein.

15.     The treatment complained of above violates the Nebraska Fair Employment Practice Act, §48-1101, et. seq., Neb. R.R.S., as amended, inasmuch as the conditions to which Plaintiff was subjected constitute discrimination against the Plaintiff on the basis of her race.

WHEREFORE, Plaintiff prays as set forth below:

## V.  FIFTH CAUSE OF ACTION

16.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

17.     The treatment complained of above violates the Nebraska Fair Employment Practice Act, §48-1114, Neb. R.R.S., as amended, inasmuch as the treatment of Plaintiff constitutes unlawful retaliation against the Plaintiff for having engaged in protected activity.

WHEREFORE, Plaintiff prays as set forth below:

## VI.  SIXTH CAUSE OF ACTION

18.     Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

19.     The treatment complained of above violates the common law of the State of Nebraska and public policy in the State of Nebraska, inasmuch as the treatment of Plaintiff constitutes unlawful retaliation against Plaintiff for having engaged in the protected activity of seeking Worker's Compensation benefits and objecting to retaliating against an employee who had filed for Worker's Compensation.

WHEREFORE, Plaintiff prays as set forth below:

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendants:

A.  Entry of a judgment that Defendants violated the rights of the Plaintiff under Title VII of the Civil Rights Act of 1991, as amended in 1991, 42 U.S.C. §1981, on Plaintiff's First, Second , Fourth, and Fifth Causes of Action and pursuant to the Nebraska Fair Employment Practices Act, §48-1114 Neb. R.R.S., as amended .

B.  Entry of a judgment that Defendants violated the rights of the Plaintiff under Title VII of the Civil Rights Act of 1991, as amended in 1991, 42 U.S.C. §1981, on Plaintiff's Third, Fifth and Sixth Causes of Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., Nebraska Fair Employment Practices Act, §48-1114 Neb. R.R.S., as amended and pursuant to the common law and public policy of the State of Nebraska;

C.  An award of damages on each cause of action for any economic losses incurred by Plaintiff including, but not limited to wages lost, fringe benefits and other benefits lost, and other expenses, all of which are continuing to accrue and occur and will into the future, as a result of Defendants' actions;

D.  An award to Plaintiff of damages on each cause of action for emotional distress and mental anguish;

E.  An award to Plaintiff of punitive damages on Plaintiff's First, Second, and Third Causes of Action.

F.  An award to Plaintiff of the cost of this suit and reasonable attorney's fees and expenses as allowed by 42 U.S.C. §2002, 42 U.S.C. §1988, and §48-1101 et. seq.;

8

G.  Such other and further relief as the Court may deem just and proper.

Plaintiff designates Omaha, Nebraska as place of trial.

Plaintiff requests and makes a demand for a jury trial.

DATED this 6th day of February, 2014.

Vickie Adams f/k/a Vickie Douglas, Plaintiff

By:    s/ Robert V. Broom_____
       Robert V. Broom, #10444
       BROOM, CLARKSON , LANPHIER
        & YAMAMOTO
       1722 St. Mary's Avenue
       310 Flatiron Building
       Omaha, NE 68102
       (402) 346-8323
       Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

A. Stevenson Bogue - #15509
Ruth A. Horvatich, #24776
McGRATH, NORTH, MULLIN
 & KRATZ, P.C.
Suite 3700 First National Tower
1601 Dodge St.
Omaha NE 68102
sbogue@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

s/ Robert V. Broom_____
Robert V. Broom