IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICKIE ADAMS f/k/a Vickie Douglas, | ) | CASE NO.: 8:14-CV-5 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' ANSWER TO THE** |
| | ) | **THIRD AMENDED COMPLAINT** |
| FIRST DATA RESOURCES, LLC, and | ) | |
| FIRST DATA CORPORATION, | ) | |
| | ) | |
| Defendants. | | |

COMES NOW Defendants and for their Answer to the Third Amended Complaint state as follows:

1. Insofar as the allegations of Paragraph 1 constitute legal conclusions, Defendants neither admit nor deny such allegations, and, further pleading, Defendants specifically deny the allegations of discrimination, retaliation and harassment in paragraph 1.

2. Admit that the Plaintiff is an African-American female and that her employment occurred in Omaha, Nebraska, but deny the remaining allegations of paragraph 2.

3. Deny that, at any time relevant to this Complaint, Defendant First Data Resources, LLC was Plaintiff's employer and further, deny that any acts of discrimination against Plaintiff occurred, but admit the remaining allegations of paragraph 3.

4. Admit that Plaintiff's employment commenced on or about February 26, 1996, that she held various positions and was most recently a Human Resources Manager/Employee Relations Representative, and that, in late 2011, she was assigned to investigate a racial discrimination complaint by a team manager and subsequently prepared a report, but deny the remaining allegations of paragraph 4. Further pleading, Defendants specifically deny that Plaintiff was, at any time relevant to this Complaint, an employee of First Data Resources, LLC.

5. Admit that Plaintiff was given a written warning in March, 2012, and that she was terminated on October 23, 2012, but deny the remaining allegations of paragraph 5.

6. Lack sufficient information upon which to form a response to the allegation as to when the EEOC Notice and Determination was received by Plaintiff, and, accordingly, deny that allegation but admit the remaining allegations of paragraph 6.

7. Deny the allegations of paragraph 7.

8. For their answer to paragraph 8, Defendants restate their answers to paragraph 1 through 7, as though fully set forth herein.

9. Deny the allegations of paragraph 9 and its subsections a, b, c, and d.

10 For their answer to paragraph 10, Defendants restate their answers to paragraph 1 through 9, as though fully set forth herein.

11. Deny the allegations of paragraph 11.

12. For their answer to paragraph 12, Defendants restate their answers to paragraph 1 through 9, as though fully set forth herein.

13. Deny the allegations of paragraph 13.

14. For their answer to paragraph 14, Defendants restate their answers to paragraph 1 through 9, as though fully set forth herein.

15. Deny the allegations of paragraph 15.

16. For their answer to paragraph 16, Defendants restate their answers to paragraph 1 through 7, as though fully set forth herein.

17. Deny the allegations of paragraph 17.

18. For their answer to paragraph 18, Defendants restate their answers to paragraph 1 through 7, as though fully set forth herein.

19.     Deny the allegations of paragraph 19.

20.     Deny that Plaintiff is entitled to any relief as set forth in Section VII. "Prayer for Relief," including the relief sought in subparagraphs A, B, C, D, E, F and G.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is limited to the extent she has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Defendants did not have a specific design or intent to injure Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is making claims under Title VII concerning acts or omissions that occurred more than 180 days before the filing of her EEOC charge or that are not like or related to the allegations in that charge, such claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

Defendants deny that they based any decision on Plaintiff's alleged protected activity or status.  However, to the extent Defendants are found to have considered those factors in any decision, Defendants would have made the same decision absent such consideration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on her claims for equitable relief.

### SEVENTH AFFIRMATIVE DEFENSE

Any award of compensatory and punitive damages under Title VII is subject to the statutory cap set forth in 42 U.S.C. § 1981a.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award under applicable law, and Defendants plead all defenses made available to them by the Supreme Court's decision in *Kolstad v. American Dental Association*.

**NINTH AFFIRMATIVE DEFENSE**

Any award of damages for mental anguish is subject to any and all applicable statutory, common law, and constitutional principles and limitations.

**TENTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to prevent and promptly correct harassing behavior and discrimination and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or otherwise to avoid harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any employment related actions taken against Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons.

WHEREFORE, and upon the foregoing, Defendants respectfully submit that Plaintiff's allegations should be dismissed, in their entirety, with costs and fees awarded to Defendants.

Dated this 20th day of February, 2014.

                FIRST DATA RESOURCES, LLC, and
                FIRST DATA CORPORATION,
                Defendants


                /s/A. Stevenson Bogue
                A. Stevenson Bogue, #15509
                Ruth A. Horvatich, #24776
                McGrath North Mullin & Kratz, PC LLO
                First National Tower, Suite 3700
                1601 Dodge Street
                Omaha, NE  68102
                Phone: 402-341-3070
                Fax:  402-341-0216
                sbogue@mcgrathnorth.com
                rhorvatich@mcgrathnorth.com

                ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

     The undersigned hereby certified that on the 20th day of February, 2014, the above and foregoing **Defendants' Answer to Third Amended Complaint** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Robert V. Broom
    BROOM, CLARKSON, LANPHIER,
     & YAMAMOTO
    1722 St. Mary's Avenue
    310 Flatiron Building
    Omaha, NE  68102

                /s/A. Stevenson Bogue
                A. Stevenson Bogue