### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **VICKIE ADAMS f/k/a Vickie Douglas,** | ) | **CASE NO.:  8:14-CV-5** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **FIRST DATA CORPORATION,** | ) | **PROTECTIVE ORDER** |
| | ) | |
| **Defendant.** | ) | |

Upon consideration of the Joint Motion for Protective Order filed on September 11, 2014 (filing 29), and for good cause,

**IT IS ORDERED** that the motion is granted as follows:

1.      The Plaintiff has requested documents some of which may contain confidential personnel information regarding current and/or former employees of First Data Corporation.  To protect the privacy interests of the corporate defendant and of individuals not parties to this action, such documents shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the Plaintiff or her counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.  A Party who produces material may designate it as CONFIDENTIAL only when the party in good faith believes it contains confidential medical or protected health information, private information, personnel and compensation information, employee discipline information, personal or business information and confidential human resources information including, but not limited to, ethics investigations, misconduct investigations, and grievance and complaint handling.

2.      All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3.      The Plaintiff and her counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the Defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the Plaintiff's counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit.  Persons attending portions of any depositions in which CONFIDENTIAL INFORMATION is used shall be limited to those described within this paragraph.  Any pages of deposition transcripts or affidavits, wherein any CONFIDENTIAL INFORMATION is used or referred to, shall automatically be considered to be CONFIDENTIAL INFORMATION.  The Plaintiff and her counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4.      The employees, experts and consultants of the Plaintiff's counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this Protective Order and instructed to read the same.  These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.  Such persons, other than attorneys and legal staff, shall sign an acknowledgement of having complied with this paragraph.

5.      Material produced and marked as CONFIDENTIAL may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

6.      If counsel for a party receiving documents or information designated as CONFIDENTIAL hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.      If a dispute as to a CONFIDENTIAL designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

3

7.      To the extent consistent with applicable law, the inadvertent or unintentional disclosures of CONFIDENTIAL materials that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated CONFIDENTIAL within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as CONFIDENTIAL under this Protective Order.

8.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**DATED September 11, 2014.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

4